IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID DANIEL KOAN, JR. | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-02124-K (BT) |
| | § | |
| DIRECTOR, TDCJ-CID,[1] | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* petitioner David Daniel Koan, Jr., a Texas prisoner, filed an application for habeas relief under 28 U.S.C. § 2254. Pet. (ECF No. 3). But Koan failed to exhaust his claims in state court before filing this petition. Accordingly, the District Judge should dismiss the petition without prejudice under Rule 4 of the Rules Governing § 2254 proceedings (Habeas Rule 4).

## Background

In 2022, Koan was convicted of two counts of aggravated sexual assault of a child and sentenced to two 35-year prison terms, to be served concurrently. *See*

[1] Koan named the State of Texas as the respondent. Generally, however, the only proper respondent in a habeas action is "'the person' with the ability to produce the prisoner's body before the habeas court[.]" *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Because Koan challenges the legality of a state court judgment under § 2254, the proper respondent is either the warden of the facility where he is incarcerated or the chief officer in charge of state penal institutions. *See* 2254 Rules, 1976 Advisory Committee Notes to Rule 2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated…or the chief officer in charge of state penal institutions."). Accordingly, the Clerk of Court is **ORDERED** to substitute the Director of the TDCJ-CID for the State of Texas as the respondent in this case.

*State v. David Daniel Koan*, F-2130706, F-2130708 (363rd Jud. Dist. Ct., Dallas Cnty., Nov. 8, 2022).[2] He admits that he did not appeal his state-court judgments, and the available public records do not indicate that he sought state habeas relief under Texas Code of Criminal Procedure Article 11.07. *See* Pet. at 3-4; *see also* https://www.txcourts.gov/cca/ (case search for Koan's cases) (last visited June 30, 2026). The only appeal Koan identifies is an appeal—which was ultimately dismissed—in his federal case in this Court in which he was convicted of production of child pornography. *See* Pet. at 3-4; *see also U.S. v. David Daniel Koan*, Case No. 3:22-cr-00137-B (N.D. Tex.), ECF Nos. 67, 68, 88.

On June 23, 2026, Koan filed an application for federal habeas relief challenging his 2022 state-court judgments. Pet. at 2. He alleges that (1) his counsel was ineffective, (2) his guilty plea was involuntary, and (3) his counsel operated under a conflict of interest. Pet. at 6-7. He seeks, in relevant part, to have his sentence "lowered or dismissed." *Id.* at 7.

**Legal Standards and Analysis**

Under Habeas Rule 4, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The

---

[2] Records from Koan's state criminal proceedings are available at https://courtsportal.dallascounty.org/DALLASPROD/Home/Dashboard/29 (search for record numbers F-2130706 and F-2130708 (last visited June 30, 2026).

> district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (citations omitted).

"[S]tate courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 592 U.S. 111, 124 (2020) (per curiam). A state prisoner must therefore fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This requires the petitioner to submit the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). Texas prisoners must present their claims to the Texas Court of Criminal Appeals (CCA) in a petition for discretionary review or in an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b).

Here, Koan failed to present his claims attacking his state-court judgments to the CCA through a petition for discretionary review or application for state habeas relief. That Koan appealed a separate federal criminal judgment is irrelevant to whether he exhausted his challenges to his state criminal judgments. The state and federal judgments are separate and governed by different habeas statutes. *See*, *e.g.*, 28 U.S.C. § 2254(a) (allowing challenges to state criminal

judgments through a petition for a writ of habeas corpus); 28 U.S.C. § 2255 (allowing challenges to federal criminal judgments through a motion to vacate, set aside or correct the sentence). Koan must present his challenges to his state criminal judgments to the CCA before bringing them to this Court. *Bautista*, 793 F.2d at 109, 110.

Because the CCA has not had an opportunity to consider Koan's claims challenging the judgments in Cause Nos. F-2130706 and F-2130708, he failed to properly exhaust state remedies, and his federal habeas application should be dismissed without prejudice under Habeas Rule 4. *See*, *e.g.*, *Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted.") (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005)).

**Recommendation**

The District Judge should dismiss Koan's federal habeas application (ECF No. 3) under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to his right to exhaust available state remedies.

SO RECOMMENDED

DATED June 30, 2026

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).